IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Robinson,<br><br>    Plaintiff,<br><br>vs.<br><br>M. Chaplain,<br><br>    Defendant. | C/A No. 0:09-2333-HFF-PJG<br><br>**REPORT AND<br>RECOMMENDATION** |

The plaintiff, Phillip Robinson ("Plaintiff"), a self-represented pre-trial detainee, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a detainee at the Charleston County Detention Center ("CCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names a CCDC employee as the sole Defendant.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: <u>Denton v. Hernandez</u>,

---

[1]Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

PJG

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff's statement of claim alleges that, on August 9, 2009, Plaintiff stopped to say hello to an inmate waiting in the "pill line." Officer M. Chaplain made the statement that Plaintiff was a fraud. Defendant Chaplain then told Plaintiff to go to his room, and asked "[or] do you need to go to the suicide room[?]" Plaintiff asked Defendant Chaplain whether he was referring to Plaintiff's religion or Plaintiff's criminal charges. Plaintiff states Defendant Chaplain's comment came "from out of the blue," and Plaintiff feels Defendant Chaplain tried "to go over [Plaintiff's] head with his word play." (Compl., Docket Entry 1 at 3.)

Plaintiff asks the court to reprimand the Defendant and award Plaintiff monetary damages for the Defendant's actions. (Id. at 4.)

*PJG*

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In the present action, Plaintiff claims Defendant Chaplain called Plaintiff a fraud and intimated that Plaintiff may need to visit the suicide room. In essence, Plaintiff claims that he has been subjected to verbal abuse by the Defendant. However, verbal abuse of an inmate, although clearly unprofessional and inappropriate, does not rise to the level of a constitutional violation. See Carter v. Morris, 164 F.3d 215, 219 n. 3 (4th Cir. 1999); Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). While a threat of harm, combined with action designed to carry out the threat may state an Eighth Amendment claim, Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978), verbal abuse of an inmate by guards, without more, states no claim. Morrison v. Martin, 755 F. Supp. 683, 687 (E.D.N.C.), aff'd Morrison v. Martin,

PJG

917 F.2d 1302 (4th Cir. 1990). As Plaintiff fails to allege that Defendant Chaplain did anything more that call Plaintiff a fraud, the instant action is subject to summary dismissal.[2]

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 24, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2]Plaintiff styles his claim as one for defamation of character. However, defamation is a state-law based claim which is not cognizable in this federal court in absence of diversity jurisdiction. See Cianbro Corp. v. Jeffcoat & Martin, 804 F. Supp. 784, 788-91 (D.S.C. 1992). Since it appears that Plaintiff and the Defendant are South Carolina residents, there is no basis for the exercise of diversity jurisdiction in this case. Accordingly, to the extent that Plaintiff's complaint alleges defamation, or any other state-law based claim against the Defendant, it is subject to summary dismissal.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).